Filed 3/13/15  In re Andy M. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re ANDY M., a Person Coming Under the Juvenile Court Law. | D067007 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. J511253) |
| v. | |
| TYRONE M., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel Lamborn, Judge.  Reversed with direction.

Elena S. Min, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Dana Shoffner, Deputy County Counsel, for Plaintiff and Respondent.

Tyrone M. appeals the judgment terminating his parental rights to his son, Andy M. (Welf. & Inst. Code, § 366.26.) Tyrone contends the San Diego County Health and Human Services Agency (the Agency) and the juvenile court failed to fulfill their duties of inquiry and notice pursuant to the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). The Agency "concedes the record concerning ICWA notice was insufficient" and "limited remand is necessary to effect and document proper [ICWA] notice."

BACKGROUND

In October 2013, the Agency filed a dependency petition for Andy, who was nearly four years old. Andy was detained in foster care. The court had previously found ICWA did not apply in all cases regarding the other children of Andy's mother, E.B. In this case, the social worker did not ask E.B. about possible Indian heritage. At the detention hearing in this case, Tyrone declared he might have Cherokee and Crow ancestry and the paternal grandmother had information. The court found ICWA might apply, deferred ruling on the issue and directed Tyrone to complete an ICWA-030 form (Cal. Rules of Court, rule 5.481(a)(4)(A) [Notice of Child Custody Proceeding for Indian Child]) and return it to the social worker.

At the next hearing, the court noted that in the dependency case of Tyrone and E.B.'s son Eric M., "the court found there was no [ICWA] history." The court then asked Tyrone if he had any new information. Tyrone said no. The court took "judicial notice of the prior finding in this case, and [found] that ICWA does not apply in this case because of a prior judicial ruling on January 28, 2009 in [Eric's] case . . . ."

2

In December 2013, the court made jurisdictional findings and ordered Andy removed from parental custody. In October 2014, the court terminated parental rights.

DISCUSSION

The only information in the record regarding ICWA in Eric's case is the mere fact that there was an ICWA finding. There is no information there was an ICWA inquiry or ICWA notice in Eric's case. In this case, the record reflects no investigation, beyond the inquiries of Tyrone noted above, and no ICWA notice. We therefore reverse the judgment and remand the case for the required ICWA inquiry and notice. (*In re Robert A.* (2007) 147 Cal.App.4th 982, 989-990.)

DISPOSITION

The judgment is reversed. The case is remanded to the juvenile court with directions to order the Agency to (1) conduct an ICWA inquiry; (2) provide ICWA notice to any tribes the inquiry identifies; and (3) file all required documentation with the court. If, after proper notice, a tribe claims Andy is an Indian child, the court shall proceed in conformity with ICWA. If, on the other hand, no tribe makes such a claim, the court shall reinstate the judgment.

O'ROURKE, J.

WE CONCUR:

McDONALD, Acting P. J.

IRION, J.

3